Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7909 | **DATE** | October 31, 2012 |
| **CASE TITLE** | Bulmaro Esparza IR-09845) v. Warden of Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [3] and assesses an initial partial filing fee of $17.30. The trust fund officer at the Graham Correctional Center is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk is directed to send a copy of this order to the Graham Correctional Center trust fund officer. The complaint is dismissed without prejudice to plaintiff submitting an amended complaint within 30 days of the date of this order. His failure to comply with this order will result in summary dismissal of this case.

■ [**For further details see text below.**]    Docketing to mail notices.

# STATEMENT

Plaintiff Bulmaro Esparza, currently confined at the Graham Correctional Center, has filed this 42 U.S.C. § 1983 action against Cook County Jail Officers Muller and Galan, as well as the warden of Cook County Jail (presumably Cook County Sheriff Tom Dart), unknown officers, and the medical staff at Cermak. Plaintiff alleges that he was attacked by another inmate at the Cook County Jail in November 2010. Allegedly, Officer Muller was negligent for not being at his post at the time of the attack and Officer Galan, a grievance officer, refused to investigate the incident to cover up Muller's inattentiveness. Plaintiff suffered a broken hand as a result of the attack, and he allegedly has received inadequate medical care.

The Court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $17.30. The supervisor of inmate trust accounts at his place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and the Shawnee Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

isk

The court has conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's complaint, as currently drafted, does not state a claim upon which this court can grant relief. Plaintiff's clam that Officer Muller failed to prevent the attack, because he was either negligent in maintaining supervision or busy tending to another inmate having a seizure, does not state a claim deliberate indifference. To state a failure to protect claim in federal court, a plaintiff must allege that he faced a serious risk of harm and that the defendant acted with deliberate indifference to the risk. The plaintiff must allege facts that, if true, would demonstrate that the defendant actually knew of the risk yet disregarded it. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). Neither negligence nor even gross negligence is sufficient to establish § 1983 liability. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Borcello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006). Plaintiff's allegations that Muller was not at his post and was negligent, or even grossly negligent, with his supervision of inmates does not state a federal claim of deliberate indifference to support an action under § 1983. Nor do Plaintiff's allegations that Officer Galan failed to investigate adequately the incident, purportedly to cover up Muller's negligence, state a claim. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"); *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992) (the failure of state prison officials to follow their own procedures does not violate the Constitution).

Although Plaintiff's current allegations do not state a claim, he indicates that he as denied adequate medical attention after the attack. He does not indicate, however, that any of the defendants were associated with the denial of medical care. Furthermore, his general reference to such a claim is too vague to give proper notice under Fed. R. Civ. P. 8(a)(2)'s notice-pleading requirement. *See Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009) (general references to a claim without any specifics about the grounds upon which it is based, "without more, ... are too vague to provide notice to defendants of the contours of his § 1983 due process claim").

Accordingly, for the reasons stated above, plaintiff's complaint is dismissed without prejudice. If plaintiff wants to proceed with this case, he must, within 30 days of the date of this order submit an amended complaint that states a valid claim and provides sufficient information about the basis of the claim. Failure to comply with this order within 30 days may be construed as plaintiff's desire not to proceed with this case and will result in dismissal of this action. The clerk is directed to send plaintiff an amended complaint form, along with a copy of this order. If plaintiff files an amended complaint, the amended complaint will replace previously filed complaint and must stand complete on its own without reference to prior complaints. The court will look only to the amended complaint to determine the claims and parties to this suit. Therefore, plaintiff must state in the amended complaint all the claims plaintiff seeks to raise and list all the defendants he seeks to sue in this case.