# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7909 | **DATE** | December 17, 2012 |
| **CASE TITLE** | Bulmaro Esparza IR-09845) v. Warden of Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [3] and assesses an initial partial filing fee of $17.30. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk is directed to send a copy of this order to Graham Correctional Center and to issue summons for Defendant Tom Dart. All other Defendants are dismissed. The clerk shall send Plaintiff a Magistrate Judge Consent Form and instructions for filing documents in this Corut.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

   Plaintiff Bulmaro Esparza, currently confined at the Graham Correctional Center, has filed an amended civil rights complaint as directed by this Court's October 31, 2012, order. Plaintiff now having clarified his allegations, his claims against all parties but Tom Dart are dismissed. Plaintiff alleges the following. On November 11, 2010, while he was confined at the Cook County Jail, Plaintiff was attacked by other inmates and suffered a broken hand. Plaintiff contends that Officer Muller was negligent because he both failed to lock Plaintiff in his cell when he returned from a visit with his mother and left his post for an extended period of time. During Muller's absence, a fight occurred between Plaintiff and two other inmates. Plaintiff was taken to Stroger Hospital where he was informed that his hand was broken. He states that he received minimal treatment due to him being an inmate. Plaintiff states that later, after his return to the jail, his hand began to swell because it was not set properly. He submitted numerous medical slips for his hand to be reset, but to no avail.

   As to Officer Muller, Plaintiff states only claims of negligence or gross negligence, neither of which support a civil rights claim for this Court. To state a failure to protect claim in federal court, a plaintiff must allege that he faced a serious risk of harm and that the defendant acted with deliberate indifference to the risk. The plaintiff must allege facts that, if true, would demonstrate that the defendant actually knew of the risk yet disregarded it. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). Neither negligence nor even gross negligence is sufficient to establish § 1983 liability. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Borcello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006). Nor does a general risk of violence that exists in jails and prisons suffice to establish that an officer knew of a substantial risk of an attack. *Dale*, 548 F.3d at 568 (7th Cir. 2008). Plaintiff's allegations demonstrate that there was no indication that Plaintiff faced a substantial risk of violence, and that he seeks to hold Muller liable for being remiss in his duties of returning Plaintiff to his cell and supervising the area. Such allegations state at most only negligence or gross negligence, but not deliberate indifference. The claims against Officer Muller are dismissed.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

  As to Stroger Hospital and its staff, neither is a suable defendant. *See Payne v. Cook County Hosp.*, 719 F. Supp. 730, 733-34 (N.D. Ill. 1989) (Stroger Hospital is not considered an entity separate from Cook County and is not itself a suable entity). Furthermore, allowing Plaintiff another opportunity to submit an amended complaint to name individual members of Stroger's staff would be futile, given that, even if Plaintiff could identify individual staff members and properly assert a claim against them, the claims would be untimely. *See Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001) (§ 1983 claims in Illinois have limitations period of two years); *see also Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009) (court need not allow an amended complaint if such a pleading would be futile).

  Although Plaintiff may not proceed against Officer Muller, Stroger Hospital or its staff, he may continue with his claim against Tom Dart. Although Plaintiff does not mention him in the body of his amended complaint and does not indicate that Dart was personally involved with Plaintiff's medical care, he does allege that he "submitted numerous medical request slips for [his] hand to be properly set, [but] to no avail." (Am. Compl. at 5.) While boilerplate allegations of an unconstitutional custom or policy are insufficient to state a claim, *see Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986), "an official capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on notice of the alleged wrongdoing." *Riley v. County of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). At this early stage of the case, the Court will allow Plaintiff to proceed with his claim of an unconstitutional custom or policy against Dart in his official capacity.

  The clerk shall issue summons for service of the complaint on Tom Dart, and the U.S. Marshal is directed to serve him. The Marshal may forward to Plaintiff any forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendant. If Defendant is no longer associated with Cook County Jail, jail and county officials shall provide the Marshal with information as to where he may be served. Address information shall be used only to effect service and shall not be kept in the court file nor divulged by the Marshal. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, personal service must be attempted.

  Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendant, or his attorney, after one enters an appearance on his behalf. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the Court that do not comply with the Court's instructions, may be returned to Plaintiff without being filed.